UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA SMITH,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA, et al.,<br><br>　　　Defendants. | Case No. 24-cv-01981-PHK<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>Re: Dkt. 1 |

*Pro se* Plaintiff Andrea Smith filed her Complaint in this action, naming as Defendants the Superior Court of California County of Alameda, the People of the State of California, Judge Stuart Hing, and Attorney Ronald D. Smetana. [Dkt. 1]. In essence, the Complaint alleges misconduct in connection with state court litigation and seeks $3.5 million as sanctions for "fraud." [Dkt. 1]. The Court previously granted Plaintiff's financial application to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a). [Dkt. 8]. The Court now analyzes whether Plaintiff's Complaint satisfies the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B).

## **LEGAL STANDARD**

Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

2000) (en banc) ("[S]ection 1915(e) not only permits, but *requires* a district court to dismiss an [IFP] complaint that fails to state a claim.") (emphasis added); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

If the Court dismisses a complaint pursuant to § 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee because such dismissal is not on the merits; rather, the dismissal is an exercise of the Court's discretion under the IFP statute. *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton*, 504 U.S. at 32).

Because Plaintiff proceeds in this matter *pro se*, the Court construes her allegations liberally and affords her the "benefit of any doubt" in undertaking the mandatory screening of her Complaint under § 1915(e)(2)(B). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

## ANALYSIS

### I.  Whether the Complaint is Frivolous or Malicious

The Court first considers whether Plaintiff's Complaint is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31 (quoting *Neitzke*, 490 U.S. at 325). One basis for finding a complaint legally frivolous is where it fails to establish subject matter jurisdiction. *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987). A complaint is malicious "if it was filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).

As an initial matter, the Court finds no indication that Plaintiff's Complaint was "filed with the intention or desire to harm another." *Id.* Accordingly, the Complaint's express averments do not indicate any intent or desire to harm another, and the context of the lawsuit carries no indicia

2

that the case is malicious. Accordingly, dismissal is not warranted on that basis.

As to frivolousness, the Court finds that Plaintiff's Complaint is frivolous because it fails to establish subject matter jurisdiction. As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction[.]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (quoting *Hansen v. Blue Cross of Calif.*, 891 F.2d 1384, 1386 (9th Cir. 1989)). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332.

Here, Plaintiff's Complaint on its face does not identify the basis for subject matter jurisdiction. Liberally construing the Complaint, Plaintiff may be attempting to assert federal question jurisdiction by referencing "Rule 11," the "[A]dministrative Procedures Act of 1946," "28 U.S.C. § 636 and Fed. R. Civ. P. 73," "28 USCS Sec. 455," and "Article VI of the United States Constitution." [Dkt. 1 at 1, 3, 8].

First, Plaintiff's Complaint makes repeated reference to "Rule 11," which the Court construes to be a reference to Federal Rule of Civil Procedure 11. The Complaint also refers to "Fed. R. Civ. P. 73." Rule 11 is a procedural rule that allows courts to impose sanctions on attorneys or parties for bringing claims that are factually and/or legally baseless. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). A party may file a motion for sanctions, or the court may *sua sponte* order a party to show cause in order to determine whether a Rule 11 violation occurred. Fed. R. Civ. P. 11(c)(2)-(3). The Enabling Act states that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive rights." 28 U.S.C. § 2072. It is well-settled that Rule 11 does not create an independent cause of action and is not itself "law"

3

1   upon which federal question jurisdiction can be based. *Port Drum Co. v. Umphrey*, 852 F.2d 148,
2   149-50 (5th Cir. 1988). Rule 73 is the procedural rule by which parties to litigation in federal
3   court may consent to the jurisdiction of a magistrate judge. As with Rule 11, Rule 73 is not a
4   source of a substantive right (and certainly not a basis for subject matter jurisdiction) for a claim
5   under federal law. 28 U.S.C. § 2072.

6       Plaintiff also references the Administrative Procedures Act. [Dkt. 1 at 8 ("The Judge
7   violated the 'administrative Procedures Act of 1946 and obstructed the administration of
8   justice[.]")]. Under the APA, "[a] person suffering legal wrong because of agency action, or
9   adversely affected or aggrieved by agency action within the meaning of a relevant statute, is
10  entitled to judicial review thereof." 5 U.S.C. § 702. However, the Supreme Court has made clear
11  that "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal
12  judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Accordingly,
13  the APA alone does not suffice to confer subject matter jurisdiction over Plaintiff's Complaint.
14  *See, e.g.*, *Kim Phuong Nguyen v. Astrue*, No. 10CV1927-IEG JMA, 2011 WL 2470518, at *4
15  (S.D. Cal. June 21, 2011) ("[T]he Administrative Procedures Act is not an independent basis of
16  subject matter jurisdiction.") (citing *Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 457-58
17  (1999)).

18      Plaintiff also references 28 U.S.C. § 636 in connection with Rule 73 (discussed above).
19  [Dkt. 1 at 8 ("The Judge . . . acted in this civil case without legal consent or jurisdiction in
20  violation of 28 U.S.C. § 636 and Fed. R. Civ. P. 73.")]. The statute cited by Plaintiff, 28 U.S.C.
21  § 636(b), authorizes district court judges to designate magistrate judges to conduct hearings and
22  submit proposed findings of fact and recommendations for the disposition by district judges; the
23  statute does not provide a basis for federal court jurisdiction. *See Gonzalez v. Elko Cnty. Pub.*
24  *Def.'s Off.*, No. 3:24-cv-00341-ART-CSD, 2024 WL 4957334, at *1 (D. Nev. Oct. 16, 2024).
25  Section 636 is the statute underlying Rule 73, and like Rule 73, does not confer a basis for subject
26  matter jurisdiction.

27      Plaintiff also references 28 U.S.C. § 455. [Dkt. 1 at 8 ("The plaintiff[] moves to
28  Recuse/Disqualify[] Judge Stuart Hing[] from the above entitled matter under 28 USCS Sec.

4

455[.]")]. Section 455 provides that federal judges should disqualify themselves in any proceeding in which their impartiality might be reasonably questioned. Relevant here, § 455 exclusively governs the federal judiciary and does not provide a basis for federal courts to police the conduct of state court judges or to confer federal jurisdiction over disputes involving alleged misconduct of state court judges. *Todd v. McElhany*, No. CIV S-11-2346 LKK DAD PS, 2011 WL 5526464, at *2 (E.D. Cal. Nov. 14, 2011); *Abulkhair v. Toskos*, 430 F. App'x 98, 101 (3d Cir. 2011) (explaining that § 455 does not provide a basis for federal court jurisdiction over complaint against state court judge). The Complaint here does not allege any claims against any members of the federal judiciary. The Court takes judicial notice that Defendant Judge Stuart Hing is a California Superior Court Judge. *See* https://www.alameda.courts.ca.gov/system/files/general/2025-judicial-directory-and-assignments_eff-20250616-web.pdf; *see* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

      Plaintiff also references Article VI of the United States Constitution. [Dkt. 1 at 8 ("The above is applicable to this court by application of Article VI of the United States Constitution[.]")]. Article VI, which sets forth the Supremacy Clause, provides, in relevant part: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." To the extent that Plaintiff is attempting to invoke subject matter jurisdiction by way of Article VI's Supremacy Clause, the Supreme Court has held that "the Supremacy Clause is not the source of any federal rights . . . and certainly does not create a cause of action." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324-25 (2015) (internal citations and quotation marks omitted). Rather, it is "a rule of decision," which "instructs courts what to do when state and federal laws clash." *Id.* at 325. Accordingly, Article VI's Supremacy Clause does not provide a basis for subject matter jurisdiction here. *See Sherrell v. California*, No. 2:22-cv-0275-KJM-KJN PS, 2022 WL 1138172,

at *2 (E.D. Cal. Apr. 18, 2022) ("[T]he Supremacy Clause provides no independent basis for plaintiff's suit.").

Again construing the Complaint liberally, Plaintiff may be attempting to allege a violation of her civil rights under 42 U.S.C. § 1983. A § 1983 claim involves an assertion that a "person" acting "under color of" state law deprived another of rights secured by the United States Constitutional or federal law. *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 175 (2023) ("[A]ny person within the jurisdiction of the United States may invoke this cause of action against any other person who, acting 'under color of ' state law, has deprived them of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States.").

First, neither the People of the State of California nor the Alameda County Superior Court are "persons" subject to § 1983 liability. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) ("[T]he State is not a 'person' for purposes of § 1983 and therefore was not a proper defendant in this litigation."); *Burgess v. Carmichael*, 37 F. App'x 288, 292-93 (9th Cir. 2002) (holding that California county courts, which are deemed "arms of the state" for Eleventh Amendment purposes, are not "persons" subject to § 1983 liability); *see also Jolivette v. California*, No. 2:21-cv-0306 KJM DB P, 2021 WL 2106319, at *1 (E.D. Cal. May 25, 2021) ("At the outset, plaintiff may not pursue civil rights claims under 42 U.S.C. § 1983 against the People of the State of California because it is not a 'person' for purposes of § 1983.").

As discussed in more detail below, to the extent that Plaintiff may be attempting to assert a § 1983 claim against Judge Hing, state court judges are entitled to absolute immunity for judicial actions taken within their jurisdiction. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damages actions for judicial actions taken within the jurisdiction of their courts.").

To the extent that Plaintiff may be attempting to assert a § 1983 claim against Attorney Ronald D. Smetana, Plaintiff has failed to allege facts sufficient to show that Defendant Smetana was acting under color of state law. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *see also Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). The Complaint's only pleading as to Defendant Smetana's specific role or actions is that "Attorney Ronald D. Smetana signed an

6

affidavit testifying he/she is now a witness in the case and must withdraw from the case." [Dkt. 1 at 1]. Defendant Smetana is mentioned nowhere else in the Complaint. The ambiguous text of this *pro se* Complaint refers generally to "attorneys" without naming any and appears to refer to a breach of contract action involving an attorney's affidavit. There is no pleading that directly links Defendant Smetana to any of the other actions complained of, such as the vaguely asserted allegations of fraud and the allegations that unnamed attorneys failed somehow to perform adequate prefiling investigations. The Complaint is not clear as to whether Defendant Smetana was counsel for Plaintiff in the underlying matter or counsel for another party in that state court matter. To the extent that Plaintiff may be attempting to assert a § 1983 claim against Defendant Smetana based work done on a legal matter as private counsel in a civil action involving a breach of contract claim, neither a claim of legal malpractice (if Defendant Smetana was somehow representing Plaintiff) nor a claim of malicious prosecution (if Defendant Smetana was somehow opposing counsel to Plaintiff in a civil action) arises from the United States Constitution, federal statutes, or treaties to provide federal question jurisdiction over such claim. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (stating that a legal malpractice claim "indisputably" arises under state law); *Sheldon Appel Co. v. Albert & Oliker*, 765 P.2d 498, 501 (Cal. 1989) ("The common law tort of malicious prosecution originated as a remedy for an individual who had been subjected to a maliciously instituted criminal charge, but in California, as in most common law jurisdictions, the tort was long ago extended to afford a remedy for the malicious prosecution of a civil action.").

While the Complaint does not identify Defendant Smetana with any detail, the Certificate of Service identifies Defendant Smetana as "District Attorney of Alameda County." [Dkt. 1 at 6]. Further, the Court takes judicial notice that Defendant Smetana is identified on the California Bar's website as an attorney with the Alameda County District Attorney's Office. *See* https://apps.calbar.ca.gov/attorney/Licensee/Detail/62818; Fed. R. Evid. 201(b)(2). To the extent that Plaintiff attempts to assert a claim against Defendant Smetana based on his carrying out duties as a prosecutor in an underlying criminal matter in California Superior Court, Smetana would potentially be entitled to absolute prosecutorial immunity. *See Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) ("A state prosecuting attorney enjoys absolute immunity from liability under

7

§ 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'"). The lack of pleading as to what Defendant Smetana is accused of doing and the lack of information about the state court proceeding are fundamental flaws. The Complaint does not adequately plead how or why Defendant Smetana was acting under color of state law here, and thus, subject matter jurisdiction as to Defendant Smetana is insufficiently pleaded.

Finally, to the extent that Plaintiff filed this lawsuit to challenge the results of state court litigation that has concluded such that no appeal was pending when Plaintiff filed this case in federal court, the *Rooker-Feldman* doctrine prevents the Court's jurisdiction to modify or reverse that state court proceeding. *See Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1144 (9th Cir. 2025) ("Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'") (internal citations omitted).

To the extent that Plaintiff is attempting to invoke this Court's diversity jurisdiction, the Complaint does not allege the Parties' citizenship. *See* 28 U.S.C. § 1332. While the Complaint seeks $3.5 million as a "sanction" and appears to seek an award of attorneys' fees, there is no pleading of a dollar amount of claimed damages in controversy. *Id.* Accordingly, the Complaint fails to adequately plead diversity jurisdiction, and for that reason, fails to demonstrate subject matter jurisdiction.

Accordingly, the Court determines that Plaintiff's Complaint is subject to dismissal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for failure to adequately plead subject matter jurisdiction.

## II.     Whether the Complaint Fails to State a Claim for Relief

The Court next considers whether the Complaint should be dismissed for failure to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668

F.3d at 1112 (citing *Lopez*, 203 F.3d at 1127). "The Rule 12(b)(6) standard requires a complaint to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted) (emphasis in original).

Here, Plaintiff's allegations fail to state a claim for relief. In the Complaint, Plaintiff alleges that various individuals and entities engaged in some vaguely asserted and allegedly fraudulent acts in connection with a state court action involving some type of breach of contract. Liberally construing the Complaint, it appears that Plaintiff attempts to allege, first, that Defendant Smetana filed a "defective affidavit" and other documents with the Alameda County Superior Court in an unidentified matter (whether civil or criminal is not entirely clear); and second, that Defendant Judge Hing somehow "illegally took jurisdiction in an effort to provide an unfair advantage" to other litigants in an unexplained way.

The caption of the Complaint states, in part, "Fraud Pursuant to Rule 11," and the text of the Complaint includes a heading titled "Fraud and Deception In The Court." [Dkt. 1 at 1-2]. To the extent that Plaintiff is attempting to assert some form of a fraud-based claim, the Federal Rules of Civil Procedure require that she allege fraud "with particularity." Fed. R. Civ. P. 9(b); *accord Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021) ("Because allegations of fraud inescapably carry a degree of moral turpitude, Rule 9(b) imparts a heightened note of seriousness, requiring a greater degree of pre-discovery investigation by the plaintiff, followed by the plaintiff's required particular allegations, thereby protecting a defendant's reputation from frivolous and unfounded allegations and permitting a particularized basis for a defendant to respond to the particularized allegations."). To plead fraud with particularity, "the pleader must state the time, place, and specific content of the false representations as well as the

9

identity of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). That is, "[a]verments of fraud must be accompanied by the who, what, when, where, and how" of the alleged misconduct. *Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1112 (9th Cir. 2024) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

Here, the Complaint does not adequately set forth the "who, what, when, where, and how" of any alleged fraud. To the extent that Plaintiff is alleging fraud based on Defendant Smetana's filing of "defective" court documents, Plaintiff does not identify the misrepresentations at issue, when the statements were made, to whom they were made, or why any statement or promise constituted a misrepresentation. Further, as noted above, to the extent the Complaint attempts to assert a claim against Defendant Smetana for carrying out his duties as a prosecutor, prosecutors are entitled to absolute immunity with respect to their actions taken in carrying out a prosecution in court and the Complaint has no pleading to avoid the scope of that immunity here. *Waggy v. Spokane Cnty. Wash.*, 594 F.3d 707, 711-13 (9th Cir. 2010).

To the extent that the Complaint attempts to assert some form of fraud claim against Judge Hing when he carried out his duties as a judicial officer in the underlying state court action, the Complaint fails to adequately plead what Judge Hing did, when and where he undertook these actions, and how and why these actions were fraudulent. Further, as noted above, judges are entitled to absolute immunity with respect to their judicial actions and the Complaint has no pleading to avoid the scope of that immunity here. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.").

Accordingly, the Court finds that Plaintiff has failed to plausibly allege a claim for relief. For that reason, Plaintiff's Complaint is also subject to dismissal on that basis, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    Whether any Defendant is Immune from Monetary Relief

While the Court finds that the Complaint must be dismissed under the first two prongs of § 1915(e)(2)(B) as discussed above, for completeness the Court turns to the third prong of the

statute. Under the mandatory screening statute, the final inquiry is whether the Complaint seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii).

Here, Plaintiff seeks monetary damages from the Alameda County Superior Court, the People of the State of California, Judge Stuart Hing, and Attorney Ronald D. Smetana. Plaintiff's claims against the People of the State of California and the Alameda County Superior Court are effectively against the State of California, itself; as such, the claims are barred by the Eleventh Amendment. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) ("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."); *Buffin v. California*, 23 F.4th 951, 959 (9th Cir. 2022) ("The Eleventh Amendment's grant of state sovereign immunity generally prevents nonconsenting states from being sued by private individuals in federal court.") (cleaned up); *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

Plaintiff's claims against Alameda County Superior Court Judge Stuart Hing, as pleaded, are barred by the doctrine of judicial immunity. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("[A]bsolute immunity insulates judges from charges of erroneous acts or irregular actions, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'"); *see also Schucker*, 846 F.2d at 1204; *Mireles*, 502 U.S. at 9-10. Similarly, to the extent that Plaintiff attempts to assert a claim against Defendant Smetana based on his role as an attorney of the Alameda County District Attorney's Office pursuing prosecution of a criminal matter, as currently pleaded, that claim would be barred by the doctrine of prosecutorial immunity. *Waggy*, 594 F.3d at 711-13.

Accordingly, to the extent that Plaintiff seeks monetary damages from the governmental entity defendants and from the individual defendants acting within the scope of the immunities afforded their positions, the claims are additionally subject to dismissal under § 1915(e)(2)(B)(iii).

11

**CONCLUSION**

For the reasons set forth herein, **IT IS ORDERED THAT:**

1. Plaintiff's Complaint [Dkt. 1] is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, for failure to state a claim for relief, and for seeking monetary relief from individuals and entities who are immune from such relief.

2. Plaintiff is **GRANTED LEAVE** to file an amended complaint that addresses the issues discussed herein by no later than **September 1, 2025**.

3. If Plaintiff does not file an amended complaint by the ordered deadline or if she cannot cure the identified deficiencies, that may result in negative consequences for this case, including but not limited to a recommendation by this Court that this action be dismissed with prejudice either in whole or in part.

4. Plaintiff is **ADVISED** that there are several resources for *pro se* litigants. The Court makes available a guide for *pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or in hard copy form free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-litigants/. In addition, Plaintiff has the option to seek assistance from the Legal Help Center by making an appointment by telephone at (415) 782-8982 or by email at fedpro@sfbar.org. The Legal Help Center is a free service provided by the Justice & Diversity Center of the Bar Association of San Francisco ("JDC"), and is not part of the United States District Court. The Legal Help Center is staffed by attorneys employed by the JDC to provide information and limited-scope legal assistance to *pro se* litigants in civil cases. *See* https://cand.uscourts.gov/about/court-programs/legal-helpdesks/.

5. The Court further **ADVISES** that the amended complaint shall include the caption and civil case number used in this Order (24-cv-01981-PHK) and the words "FIRST

AMENDED COMPLAINT" shall be written on the caption page. The Court recommends that Plaintiff use this Court's form complaint (available on the Court website) for drafting the amended complaint.

6. Because an amended complaint completely replaces the previous complaint, Plaintiff **SHALL** include in her amended complaint all claims she wishes to present, all defendants she wishes to sue, and all relief sought. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **SHALL NOT** incorporate material from the prior complaint by reference.

7. Plaintiff **SHALL** comply with all of this Court's Orders (including all Standing Orders, available on the Court's website) and all deadlines required by the Federal Rules of Civil Procedure and the Local Rules of this Court, in a timely fashion. When needed, Plaintiff may file a motion (prior to a deadline) requesting an extension of time to meet a court-ordered deadline. In order to be granted, any such motion **SHALL** show good cause why there exists a need for a reasonable amount of additional time to complete the necessary tasks.

8. Failure to file an amended complaint by the deadline herein and failure to prosecute this action timely may result in negative consequences for Plaintiff's case, including recommendation for dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
PETER H. KANG
United States Magistrate Judge