UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No.  24-cv-01981-PHK<br><br>**ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**<br><br>Re: Dkt. 9 |

On April 1, 2024, Plaintiff Andrea Smith, who is representing herself in this action, filed her complaint and application to proceed *in forma pauperis* ("IFP").  *See* Dkts. 1-2.  The Court granted Plaintiff's IFP application on June 6, 2024.  [Dkt. 8].  The Court then proceeded to undertake the mandatory screening of Plaintiff's complaint, as required by 28 U.S.C. § 1915(e)(2)(B).  By Order dated June 30, 2025, the Court dismissed Plaintiff's complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, for failure to state a claim for relief, and for seeking monetary relief from individuals and entities who are immune from such relief. [Dkt. 9].  The Court granted Plaintiff leave to file an amended complaint curing the pleading deficiencies discussed in the June 30, 2025 Order, by no later than September 1, 2025.  *Id.*

As directed by this Court, the Clerk mailed a copy of the June 30, 2025 Order to Plaintiff at her address of record, which due to a clerical error, was incorrectly stated on the docket as "5915 San Pablo Street."  On July 24, 2025, the Clerk's mailing was returned to the Court as undeliverable.  [Dkt. 10].  Upon receipt of the undelivered mailing, later that same day, the Clerk mailed a copy of the Court's June 30, 2025 Order to Plaintiff at her correct address of record: "5915 San Pablo Ave."  *See* Dkt. 1 at 1.  That mail was not returned as undeliverable.

United States District Court
Northern District of California

1   The September 1, 2025 deadline to file an amended complaint has passed by

2   approximately one month.  As noted, there is no indication that the Clerk's July 24, 2025 mailing

3   of the Court's June 30, 2025 Order to Plaintiff's address of record was undeliverable.  To date,

4   Plaintiff has neither filed an amended complaint nor requested an extension of time from the Court

5   to do so.

6   The Court's June 30, 2025 Order stated that "[i]f Plaintiff does not file an amended

7   complaint by the ordered deadline or if she cannot cure the identified deficiencies, that may result

8   in negative consequences for this case, including but not limited to a recommendation by this

9   Court that this action be dismissed with prejudice either in whole or in part."  [Dkt. 9 at 12].

10   The Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails

11   to prosecute their action or fails to comply with court orders.  Fed. R. Civ. P. 41(b); *see Link v.*

12   *Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal.*

13   *Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders).

14   Plaintiff was previously informed, and is warned again by this Order to Show Cause, that failure

15   to comply with this Court's orders and failure to prosecute this case will result in negative

16   consequences for Plaintiff's case, including a recommendation for the dismissal of this action.

17   Specifically, failure to respond to this Order to Show Cause and failure to file an amended

18   complaint by the new deadline set herein will be found to be a failure to comply with this Court's

19   orders and a failure to prosecute this lawsuit, which will lead to consequences adverse to

20   Plaintiff's lawsuit.

21   Accordingly, the Court herein **ORDERS** that, by no later than **November 7, 2025**,

22   Plaintiff **SHALL EITHER** (1) file an amended complaint which addresses and cures the

23   deficiencies noted by the Court's June 30, 2025 Order [Dkt. 9]; **OR** (2) file a written request for a

24   further reasonable extension of time in which to file an amended complaint which addresses and

25   cures the deficiencies noted by the Court's June 30, 2025 Order [Dkt. 9]; **OR (3)** file a written

26   response to this Order to Show Cause explaining why this action should not be dismissed for

27   failure to prosecute this case or for failure to comply with this Court's directives and orders.  To

28   be clear, if Plaintiff files, by November 7, 2025, an amended complaint addressing and curing the

deficiencies noted in the June 30, 2025 Order, or if Plaintiff files, by November 7, 2025, a written request for a reasonable extension of time in which to file an amended complaint addressing and curing the deficiencies noted in the June 30, 2025 Order, such a filing will be deemed to be a response to this Order to Show Cause and no other written response would be necessary.

If Plaintiff chooses to file a request for a reasonable extension of time in which to file an amended complaint addressing and curing the deficiencies noted in the Court's June 30, 2025 Order, Plaintiff shall explain why and how much additional time is needed in any written response filed by the November 7, 2025 deadline.

If Plaintiff fails to respond to this Order to Show Cause in one of the ways directed above by the **November 7, 2025** deadline set herein, the Court will issue a Report and Recommendation that this action be dismissed for failure to prosecute and failure to comply with court orders.

The Clerk of Court is directed to mail this Order to Show Cause to Plaintiff at her address of record.

**IT IS SO ORDERED.**

Dated:  October 2, 2025

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

3