UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-01981-PHK<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**<br><br>Re: Dkt. 11 |

### **RELEVANT BACKGROUND**

On April 1, 2024, Plaintiff Andrea Smith, proceeding *pro se* in this action, filed her Complaint and application to proceed *in forma pauperis* ("IFP") in this lawsuit. *See* Dkts. 1-2. The Court granted Plaintiff's IFP application on June 6, 2024. [Dkt. 8].

The Court then proceeded to undertake the mandatory screening of the Complaint required by 28 U.S.C. § 1915(e)(2)(B). On June 30, 2025, the Court dismissed Plaintiff's Complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, for failure to state a claim for relief, and for seeking monetary relief from those who are immune from such relief. [Dkt. 9]. The Court granted Plaintiff leave to file an amended complaint addressing and curing the pleading deficiencies by no later than September 1, 2025. *Id.* at 12. The Court's June 30, 2025 Order stated that: "[i]f Plaintiff does not file an amended complaint by the ordered deadline or if she cannot cure the identified deficiencies, that may result in negative consequences for this case, including but not limited to a recommendation by this Court that this action be dismissed with prejudice either in whole or in part." *Id.*

The Clerk of Court mailed that June 30, 2025 Order to Plaintiff at her address of record,

which due to a clerical error, was incorrectly stated on the docket as "5915 San Pablo Street." On July 24, 2025, the Clerk's June 30, 2025 mailing was returned to the Court as undeliverable. [Dkt. 10]. Upon receipt of the undelivered mailing, that same day, the Clerk mailed a copy of the Court's June 30, 2025 Order to Plaintiff at her correct address of record: "5915 San Pablo Ave." *See* Dkt. 1 at 1. That mail was not returned as undeliverable.

Plaintiff did not file an amended complaint by the September 1, 2025 deadline, nor did she seek an extension of time from the Court to do so. Accordingly, on October 2, 2025, the Court issued an Order to Show Cause, requiring Plaintiff to show cause and demonstrate why this case should not be dismissed without prejudice for failure to prosecute and failure to comply with court orders. [Dkt. 11]. In that October 2, 2025 Order to Show Cause, the Court explicitly warned Plaintiff that failure to respond and show cause, in writing, for the lack of prosecution and failure to comply with court orders would result in this Court's issuing a recommendation to dismiss the case, in its entirety. *Id.* The Court ordered Plaintiff to file a written response to the Order to Show Cause, or alternatively, to file an amended complaint which addressed and cured the deficiencies noted by the Court's previous order, by no later than November 7, 2025. *Id.* The Clerk of Court mailed that October 2, 2025 Order to Show Cause to Plaintiff at her address of record on the date the Order was issued. That mail was not returned as undeliverable.

To date, Plaintiff has not responded to the Order to Show Cause, nor sought an extension of time from the Court to do so. It is now well past the original deadline to file an amended complaint, as well as past the deadline to file a written response to the Order to Show Cause as required by this Court. *See* Dkts. 9, 11.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action *sua sponte* "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Here, as discussed further below, based on Plaintiff's failure to respond to both the June 30, 2025 Order dismissing the Complaint and to the October 2, 2025

2

Order to Show Cause, the Court finds that sufficient grounds exist to dismiss this case pursuant to Rule 41(b). Plaintiff has plainly failed to diligently prosecute this action, and indeed, has failed to prosecute the case at all beyond the original filing of the Complaint.

Before imposing dismissal as a sanction, a court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish*, 191 F.3d at 990). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish*, 191 F.3d at 990). The Court finds that an analysis of all the factors, in total, strongly favors a conclusion that this action should be dismissed.

As to the first factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Absent dismissal, the case will remain in limbo indefinitely, given Plaintiff's failures to file responses to two previous Orders of this Court.

Relatedly, as to the second factor, the Court's need to manage its docket will be served by dismissing this action. *Id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance by litigants."). Keeping a case like this open on the docket, where Plaintiff is doing nothing to move the case forward, burdens the Court and clutters the docket.

The third factor marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," unreasonable delay creates a presumption of prejudice. *Id.*; *see also In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Here, while Defendants have not yet been served, there is potentially some quantum of prejudice to having an open action against them on the public docket. The delay by Plaintiff also risks prejudice to Defendants due to potential loss of evidence, difficulty in locating evidence that may

3

end up getting archived or stored in difficult-to-retrieve locations or electronic formats, fading of witnesses' memories, and loss of access or control over employees or other witnesses (due to changes in jobs, moving to other jurisdictions or locations beyond the subpoena power of the federal courts, unavailability of potential witnesses due to disability or death, or other such circumstances). *See Pagtalunan*, 291 F.3d at 643 (finding that stale evidence and faded memories prejudice the litigation); *see also Andrews v. Humboldt Cnty.*, No. 23-cv-02421-RMI, 2023 WL 6629788, at *2 (N.D. Cal. Oct. 10, 2023) (noting witness unavailability as one basis to find prejudice). The Court is cognizant that the delay here only risks such prejudice (as opposed to a situation where such prejudice has been shown to actually exist), and thus the Court finds that this factor only marginally favors dismissal.

The fourth and fifth factors also favor dismissal of this action. By requiring Plaintiff to explain why this case should not be dismissed for lack of prosecution (and for failure to obey the Court's previous Order), and allowing Plaintiff to satisfy the Order to Show Cause simply by filing an explanation, Plaintiff was on notice that the failure to adequately respond to the Order to Show Cause could result in a recommendation for dismissal of this action. [Dkt. 11]. Despite this notice, Plaintiff made no attempt to respond to the Order to Show Cause or to otherwise show diligence in the prosecution of this case. *Villalobos v. Vilsack*, 601 F. App'x 551, 552 (9th Cir. 2015) (affirming district court's dismissal without prejudice for failure to prosecute after the plaintiff did not respond to order to show cause).

Finally, the Court has considered whether lesser sanctions are appropriate. Here, the Court concludes that dismissal *without* prejudice is appropriate. *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir.1984) ("[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute."). There is no opportunity to resolve the action on its merits or to apply other sanctions (short of dismissal) if the action is simply not being pursued. Realistically, monetary sanctions or other lesser sanctions imposed against a *pro se* litigant do not appear to be either practical or proportionate because, for a *pro se* plaintiff proceeding *in forma pauperis*, monetary sanctions may be unintentionally or unnecessarily punitive (and worse, such sanctions may ultimately be of no utility because they are uncollectable). Further, this action is in its infancy, and it is

4

recommended that dismissal be without prejudice—the severity of such a sanction is significantly mitigated in this context. As the foregoing record shows, Plaintiff has been given repeated warnings and opportunities to cure the deficiencies in her Complaint and to explain herself to avoid this outcome. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent.").

Having considered all the relevant factors and applicable legal standards, the Court finds that dismissal of this case without prejudice for failure to prosecute is an appropriate result. *See Dreith*, 648 F.3d at 788. Accordingly, the Court finds appropriate, and thus recommends, the "less-drastic" sanction of dismissal of this action without prejudice. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

## CONCLUSION

In light of the foregoing, the Court finds that Plaintiff has not discharged the Order to Show Cause [Dkt. 11], and therefore **ORDERS** that the Order to Show Cause [Dkt. 11] be made **ABSOLUTE**.

Plaintiff does not consent to Magistrate Judge jurisdiction in this matter. *See* Dkt. 7; 28 U.S.C. § 636(c). Accordingly, the Court **ORDERS** that this case be reassigned to a District Judge for resolution in light of this **REPORT and RECOMMENDATION** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to diligently prosecute and for failure to comply with court orders, including for failure to respond to the October 2, 2025 Order to Show Cause [Dkt. 11], and for failure to file an amended complaint in response to the screening and dismissal Order of June 30, 2025 [Dkt. 9]. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").

**If Plaintiff wishes to file an objection to this Report and Recommendation, Plaintiff must do so within fourteen (14) days of the date on which Plaintiff receives this Report and**

5

Recommendation.

The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation for Dismissal and Order to Plaintiff's address of record.

**IT IS SO ORDERED AND SO RECOMMENDED.**

Dated:  November 24, 2025

_____
PETER H. KANG
United States Magistrate Judge